The following constitutes
the order of the court. Signed July 6, 2012

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         Case No. 09-42469 MEH
STEPHEN ROBERT ALLIO and                      Chapter 13
KAIRRIE SUDDERTH ALLIO,

                    Debtors/

MEMORANDUM DECISION MODIFYING CHAPTER 13 PLAN

On June 26, 2012, the court conducted a hearing on the *Amended Motion to Modify Chapter 13 Plan* (Dkt. 79) ("Plan Modification") pursuant to Bankruptcy Code §1329 in the above-referenced case. All appearances were made on the record. The following constitutes this court's findings of fact and conclusions of law under F.R.B.P. 7052.

Debtors requested their confirmed plan be modified to shorten the plan term from 60 months to the period of payments completed, approximately 39 months, and that upon approval of the Plan Modification Debtors be entitled to obtain a discharge and close their case. The Chapter 13 Trustee ("Trustee") filed an objection.

Memorandum Decision Modifying Chapter 13 Plan

1

Debtors replied and provided the supporting declaration of Mr. Allio. At the conclusion of the hearing, the court took the matter under submission. Following the hearing, the Trustee withdrew her objection to the Plan Modification.

The Court issues this Memorandum Decision in accordance with its independent obligation to determine whether a plan modification should be approved pursuant to Bankruptcy Code[1] §1329. *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1381 (2010) (discussing a bankruptcy court's obligation to ensure the plan conforms to the legal requirements for confirmation).

Modification of a confirmed Chapter 13 plan is governed by §1329 and discretionary. *See Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 772 (9th Cir. BAP 2005). Section 1329 incorporates the requirements of §1325(a), thereby requiring that modification of a plan be proposed in good faith. Good faith is determined on a case-by-case basis after reviewing the totality of the circumstances. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224-25 (9th Cir. 1999). No single factor is determinative and the court may consider changes in circumstances from initial plan confirmation. *See Mattson v. Howe (In re Mattson)*, 468 B.R. 361, 371 (9th Cir. BAP 2012).

Mr. Allio's declaration provides competent evidence that the Plan Modification is requested in good faith based on several

---

[1] 11 U.S.C. §101, *et seq.*

Memorandum Decision Modifying Chapter 13 Plan

2

significant changes in circumstances affecting the financial position of the family. Since plan confirmation, Mr. Allio has undergone two significant surgeries. He is no longer employed and his current income is based on disability. In addition, the company that Mr. Allio was formerly employed by, and received insurance through, went out of business. Ms. Allio then obtained part-time employment that provided her family with health insurance. However, she is no longer employed by this school. The family's current monthly income is based upon Mr. Allio's disability income, Ms. Allio's part-time income, and federal disability for each of their two children. At the time the Debtors' case was filed, there was positive disposable monthly income. Due to the changes in circumstances, this is no longer the case. In addition, Debtors performed according to their confirmed plan, with interim modifications, for approximately 39 months. It is unlikely that during the remaining term of the plan Debtors' income will increase sufficiently to provide for disposable monthly income.

Accordingly, this court grants Debtors' Plan Modification. Debtors are directed to submit an appropriate order.

**END OF ORDER**

Memorandum Decision Modifying Chapter 13 Plan

3

COURT SERVICE LIST

All Recipients

Memorandum Decision Modifying Chapter 13 Plan

4